DEMOCRATIC PARTY OF NEW JERSEY, INC. v. JACK COLLINS.

December 21, 1987.

This matter having come before the Court on a grant of certification to *Rule* 2:12–2(a);

And the Court having permitted parties in similar litigation to participate as *amici curiae,* having reviewed the record and the briefs of the parties, and having heard the argument of counsel;

And it appearing that the cases of the *amici* and others present common questions of law on the application of the dual-office holding provisions of the New Jersey Constitution in differing factual settings;

And the Court being of the view that the interests of justice require that the determination in this case should also address and resolve the related cases in which the issue of dual-office holding has been raised;

And it appearing that the record established below is not adequate to permit an appropriate resolution of the matter;

And the Court having further determined that this matter should be remanded to the Superior Court, Law Division, to permit the parties to develop a record that will enable the Court to decide the issues presented;

And good cause appearing;

It is ORDERED:

1. The judgment of the Law Division is vacated to the end that the trial court shall be free to reinstate or revise its opinion and judgment at the conclusion of the proceedings provided for by this Order.

2. The matter is remanded to the trial court for further hearings consistent with this Order.

3. Pursuant to *Rule* 4:38–1 and *Rule* 1:1–2, *Nick Ballesteri v. David C. Schwartz,* Superior Court of New Jersey, Law Division, Mercer County, and *Frank B. Holman v. Gabriel M. Ambrosio,* Superior Court of New Jersey, Chancery Division, Bergen County, are hereby consolidated with the within matter.

4. The trial court shall take testimony and hear legal argument and shall make findings of fact and conclusions of law on the issues of whether the full-time employment held by the defendants in these consolidated actions constitutes a state office or position of profit within the meaning of Article IV, Section 5, Paragraphs 3 and 4 of the *New Jersey Constitution of 1947* and whether the provisions of Article IV, Section 5, Paragraphs 3 and 4, contemplate that any distinctions in eligibility to serve in the Legislature may be drawn based upon the relationship to the State of New Jersey of the employer, be it State university, State college, authority, or other agency.

5. The trial court shall consider any other relevant factual and legal issues not previously raised before this Court in the within litigation.

6. Pending the further Order of this Court, the implementation of the results of the November 3, 1987, election shall not be enjoined or otherwise stayed.

7. Jurisdiction is otherwise retained.